UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.

09CR254A

**Order**

MONTU LIGHTEN,

Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 4).

The instant matters before the Court are (a) the defendant's omnibus motion (Docket No. 12[1]) seeking various discovery relief (namely discovery; Brady; production of Federal Rules of Evidence 404(b), 608, 609 materials; Jencks Act/disclosure of witness statements; preservation of rough notes; suppression of evidence and statement); and (b) the Government's reciprocal discovery motion (Docket No. 14, Gov't Response at 12-13). The suppression motions will be addressed in a separate Report and Recommendation (Docket No. 15), familiarity with which is presumed. Responses to this motion were due January 8, 2010, and the motion was argued on February 4, 2010 (text minute entry Oct. 30, 2009).

---

[1]In response to this motion, the Government filed its Response, Docket No. 14.

## BACKGROUND

As stated in the Report & Recommendation (Docket No. 15), defendant was charged with three counts of possession of cocaine base, on July 9 and 17, 2009, with the last count alleging possession with the intent to distribute (Docket No. 3, Indict.).

## DISCUSSION

I.     Discovery

Defendant seeks various items of pretrial discovery (Docket No. 12, Def. Motion, Part III).  Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters.  For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment.  In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

The Government contends that it has fulfilled its obligations under Rule 16 (Docket No. 14, Gov't Response at 6).

A.     Statements

Pursuant to Rule 16(a)(1)(A), defendant seeks any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 12, Def. Motion, Part III(c), (e)).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by

any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[2]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. <u>Clewis v. Texas</u>, 386 U.S. 707 (1967).

To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government **is hereby ordered to produce** all such statements made by defendant.

B.     Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 12, Def. Motion, Part III(a), (b), (d)).  To the extent these items have yet to be produced, the Government **is ordered to produce**.

C.     Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendant has requested the production of the results of any physical or mental examinations or scientific tests (Docket No. 12, Def. Motion, Part III(b)). The Government has responded that lab reports have been turned over to the defense (Docket No. 14, Gov't Response at 7).

The Court assumes that the Government's production **has satisfied** the defendant's request in this regard.

---

[2]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500 (the Jencks Act).

D.	Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony

that the Government intends to use in its direct case, along with the expert's qualifications, and

the basis for the expert's opinion, whether or not the expert files a report (Docket No. 12, Def.

Motion, Part III(b)).  The Government agrees to forward this material as it becomes available

(Docket No. 14, Gov't Response at 7).

This request is **granted**.

E.	Rule 12(b)(4) Request of Notice

Pursuant to Rule 12(b)(4), defendant requests that the Government give notice of its

intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 12, Def.

Motion, Part III(f)).  Such notice, under the rules, avoids the necessity of a defendant having to

move to suppress evidence which the Government does not intend to use.  The Government's

response is its notice of its intention regarding use of evidence (Docket No. 14, Gov't Response

at 7-8).

This request is hereby **deemed moot**.

II.	<u>Brady</u> Material

Defendant next has requested that the Government disclose all materials potentially

favorable to each of them, including information to be used for the impeachment of the

Government's witnesses, as required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its

progeny (Docket No. 12, Def. Motion, Part IV).  <u>Brady</u> material, as those cases have come to

define it, includes all evidence which may be favorable to the defendant and material to the issue

of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which

might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defense motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's acknowledges in its written response its continuing duty under Brady v. Maryland and its willingness to produce impeachment Brady material pursuant to the District Court's pretrial Order (Docket No. 14, Gov't Response at 8).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); Green, supra, 144 F.R.D. 631.

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

III.     Federal Rules of Evidence 404(b), 608 and 609 Materials

Defendant requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 12, Def. Motion Part V).  The Government has not responded or provided this notice.  Defendant also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a).

Rule 404 requires that each defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government **shall make this notice**, pursuant to the deadline set forth by the trial judge in the final pretrial Order.

As for Rule 608, the Government declares that it does not possess information related to this rule (Docket No. 14, Gov't Response at 11).  As for Rule 609, the Government has represented that it intends to use the criminal history, to the extent permitted by Rule 609, and prior involvement of these defendants in distribution of controlled substances and will provide all such material to the defendants at the time the Government files its pretrial memorandum in this case (id.).  This **is sufficient** in this case.

IV.     Disclosure of Jencks Material

Defendant next seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500, seeking it sometime before trial (Docket No. 12, Def. Motion Part VI).  The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial.  In this case, the

Government opposes disclosing its witnesses' statements but will agree to disclose such statements two weeks prior to trial or pursuant to the District Court's pretrial Order (Docket No. 14, Gov't Response at 11-12). The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case; thus the Government's proposed production schedule **suffices**.

## V.      Revelation of Identity of Informants

Defendant next seeks disclosure of the identity of confidential informants (Docket No. 12, Def. Motion Part VII). The Government did not respond to this motion.

The Government is not required to furnish the identities of informants unless it is essential to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 60-61 (1957); <u>United States v. Saa</u>, 859 F.2d 1067, 1073 (2d Cir.), <u>cert. denied</u>, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. <u>United States v. Bejasa</u>, 904 F.2d 137, 139 (2d Cir.), <u>cert. denied</u>, 498 U.S. 921 (1990). Defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

## VI.     Preservation of Evidence

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 12, Def. Motion Part VIII). The Government has agreed to preserve notes as statements under the Jencks Act, but it will not preserve handwritten notes of agents that have been transcribed (Docket No. 14, Gov't Response at 12).

VII.    Government's Reciprocal Discovery Request

Finally, the Government cross-moves for reciprocal discovery from the defendant (Docket No. 14, Gov't Response at 12-13), without objection by defendant.  Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief.  Defendant is reminded of his obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 14, Gov't Response at 12-13) is **granted**.

VIII.    Evidentiary Hearing

As ordered in the Report & Recommendation (Docket No. 15, at 4-5), a suppression hearing will be held on **Friday, March 5, 2010, at 2 pm**, before the undersigned.

## CONCLUSION

For the reasons stated above, defendant Montu Lighten's (Docket No. 12) omnibus motion is **granted in part, denied in part**, as discussed above.  The Government's reciprocal motion for discovery from defendant (Docket No. 14, Gov't Response at 12-13) is **granted**.  A suppression hearing will be held on **Friday, March 5, 2010, at 2 pm**, at 410 United States Courthouse, Buffalo, New York, before the undersigned (see Docket No. 15, Report & Rec. at 4-5).

So Ordered.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:  Buffalo, New York
        February 16, 2010